UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MANUEL GOMEZ,

                        Plaintiff,

      against

CITY OF NEW YORK, POLICE OFFICER EDGARDO
GUTIERREZ, (shield Number 10136), LIEUTENANT
DANIELLE KRUT and JOHN/JANE DOE
(the names being fictitious as their identities are unknown),

                        Defendants.
------------------------------------------------------------------- x

Dkt No. 23-CV-1796

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages and personal property arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Manuel Gomez ("Mr. Gomez" or "Plaintiff") is an Hispanic male resident of Bronx County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Lieutenant Danielle Krut ("Defendant Krut"), at all times relevant herein, was a lieutenant, employee and agent of the NYPD. Defendant Krut is sued in her individual and official capacities.

9. Police Officer Edgardo Gutierrez, shield number 10136 ("Defendant Gutierrez"), at all times relevant herein, was a police officer, employee and agent of the NYPD. Defendant Gutierrez is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

13. On May 28, 2020 in the vicinity of 48-21 40th Street, Queens, New York, at approximately 5:45 p.m., Mr. Gomez called the police to report that he had been the victim of a crime.

14. When the police arrived at the above location, Mr. Gomez told the police that he had been assaulted by three men and that his thumb was broken and required medical attention.

15. Instead of arresting any of his assailants, who were still present, the police handcuffed Mr. Gomez and arrested him.

16. Mr. Gomez was transported back to the 108th Precinct, where he again told the police that his thumb was broken.

17. Instead of addressing Mr. Gomez's medical concerns about his finger seriously, John Doe 1, an NYPD police officer, fingerprinted Mr. Gomez's broken finger.

18. Defendant Gutierrez slowly and painfully rolled Mr. Gomez's broken thumb back and forth to take his thumb print.

19. According to the NYPD Patrol Guide there are several instances when a thumb or finger need not be fingerprinted, including injury.

20. Defendant Gutierrez did not need to fingerprint Mr. Gomez's broken thumb.

21. Defendant Gutierrez gratuitously and repeatedly rolled Mr. Gomez's broken thumb instead of skipping it and only fingerprinting his other nine fingers, which Mr. Gomez did not claim were injured and did not object to being fingerprinted.

22. As part of Mr. Gomez's arrest, Defendant Gutierrez vouchered Mr. Gomez's watch, sim card, pen, and other personal accessory under NYPD Property Clerk Invoice Number 4000745780 as arrest evidence.

23. Defendant Krut approved the vouchering of Mr. Gomez's personal possessions as arrest evidence, even though they could not possibly have been necessary for his arrest.

24. Defendant John/Jane Doe hand wrote on NYPD Property Clerk Invoice Number 4000745780 that it "needs letter from ADA's office."

25. There was no legitimate basis for Defendant Doe to write that on the above Invoice.

26. As part of Mr. Gomez's arrest, Defendant Gutierrez vouchered Mr. Gomez's Florida firearms license under NYPD Property Clerk Invoice Number 4000745782 as investigatory evidence.

27. There was no legitimate basis to claim that Mr. Gomez's firearms' license was investigatory evidence.

28. Defendants improperly held onto this property as an abuse of process.

29. On October 28, 2021, all charges were dismissed with prejudice against Mr. Gomez.

30. Because of John Doe's writing, Mr. Gomez has still been unable to retrieve his personal property.

31. On February 5, 2023, Mr. Gomez emailed Defendant Krut and requested assistance retrieving his personal property since she was the supervisor on the voucher.

32. To date, Defendant Krut has not responded to Mr. Gomez's request for assistance.

## FIRST CLAIM
### Excessive Force

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

35. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Failure to Intervene

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Abuse of Process

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The vouchering of Plaintiff's property as arrest evidence and investigatory evidence was for a purpose other than to criminally prosecute and convict Plaintiff for his alleged crimes.

43. At the time Defendants vouchered Mr. Gomez's property, they were acting under the color of law and in the course and general scope of their employment duties and official duties pursuant to the authority given to them by Defendant City.

44. As a result of the abuse of process, Plaintiff has suffered monetarily the loss of business and the cost of replacing these items.

45. Plaintiff has also suffered emotional damages as a result of the above conduct.

46. At all times herein mentioned defendant City was and is vicariously liable for the abuse of process of its employees, defendants Gutierrez, Krut, Doe under the doctrine of Respondeat Superior.

47. That by reason of the foregoing, intentional, unlawful, malicious, reckless and deliberately indifferent conduct and abuse of process, Plaintiff is entitled to recover the return of his seized property, compensatory damages and punitive damages in an amount to be determined by a jury as against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Injunctive Relief in the form of the return of all Plaintiff's above seized property

(c) Punitive damages against the Individual Defendants, jointly and severally;

(d) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated March 8, 2023
New York, New York

BRUSTEIN LAW, PLLC

_____/s/_____
Evan Brustein
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900

*Attorneys for Plaintiff*